**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Robert Lee Stabnow,                        Civil No. 16-2648 (DWF/LIB)

           Plaintiff,

v.                                        **ORDER ADOPTING REPORT
                                             AND RECOMMENDATION**

Emily Johnson Piper; Shelby Richardson;
Nancy Johnston; Jannine Hébert; Kevin Moser;
Terry Kneisel; Steve Sajdak; Scott Benoit;
Ralph Schmidt; Ken Stewart; Julianna L.
Beavens; Ronald Fischer; Sara L. Kulas; Dana
Osborne; Jenna Younker; Mark A. Hansen;
Will A. Robinson; Mathew R. Brown; Thomas L.
Cherro; Nicole L. Kielty; Jesse J. Cornish;
Thane D. Murphy; Rebecca L. Benson; Meg M.
Mccauley; Kris Huso; Minnesota Sex
Offender Program; and the Minnesota
Department of Human Services,

           Defendants.

This matter is before the Court upon Plaintiff Robert Lee Stabnow's ("Plaintiff") objections (Doc. No. 28) to Magistrate Judge Leo I. Brisbois's April 7, 2017 Report and Recommendation (Doc. No. 27) insofar as it recommends that: (1) Defendants' Motion to Dismiss Plaintiff's Complaint be granted as to all Defendants; (2) Plaintiff's § 1983 claims for monetary damages against all Defendants in their official capacities be dismissed with prejudice; (3) Plaintiff's § 1983 claims for injunctive relief against all Defendants be dismissed without prejudice; (4) Plaintiff's § 1983 claims which are based upon alleged violations of the Fourteenth Amendment's guarantees of substantive due process and equal protection be dismissed without prejudice; (5) Plaintiff's claims which

are based upon alleged violations of the Minnesota Constitution be dismissed with prejudice; and (6) Plaintiff's claims in Count IV be dismissed with prejudice. The Defendants filed a response to Plaintiff's objection on May 15, 2017. (Doc. No. 30.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual background for the above-entitled matter is clearly set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.[1]

In the Report and Recommendation, Magistrate Judge Brisbois recommended the following conclusions: the Eleventh Amendment bars recovery of monetary damages against Defendants to the extent they are sued in their official capacities; Plaintiff has inadequately alleged many of the individually-named Defendants' personal involvement in alleged acts to support liability; Plaintiff has failed to plead facts to support relief for equal protection and substantive due process violations under the Fourteenth Amendment (Count I); Plaintiff's allegations of inhumane treatment and unconstitutional punishment do not state a claim for a violation of substantive due process under the Fourteenth Amendment (Counts II and III); Plaintiff does not have a cause of action under 42 U.S.C. § 10607 (Count IV); and Plaintiff may not pursue claims based on violations of the

---

[1] To the extent the Report and Recommendation contains minor discrepancies from the record, such discrepancies are not material to the Court's analysis of Plaintiff's claims, and the Court has relied upon the record itself. The Court notes for clarity, however, that Plaintiff's initial Complaint was filed on August 5, 2016, (Doc. No. 1), and not August 15, 2016 as stated in the Report and Recommendation (s*ee* Doc. No. 27 at 5).

Minnesota Constitution pursuant to 42 U.S.C. § 1983, and the Court should not exercise pendent jurisdiction over such claims.

Plaintiff objects to the Magistrate Judge's Report and Recommendation for six reasons: (1) the Magistrate Judge ignored or misconstrued some of the alleged facts; (2) the Magistrate Judge's characterization of facts underlying Count III erroneously referenced discussions from Plaintiff's core group and his receipt of a BER, and the Magistrate Judge's analysis of Count III should have addressed equal protection and Minnesota's mandated reporter statute, Minn. Stat. § 626.5572, subd. 16; (3) under Minn. Stat § 626.557, subd. 7, Plaintiff may seek monetary damages against Defendants in their official capacities for failure to fulfill their statutory duties as mandated reporters; (4) the Magistrate Judge erred in relying on *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017), *petition for cert. filed*, No. 16-1394 (May 23, 2017); (5) the Magistrate Judge erred in recommending dismissal of Counts I through III; and (6) Plaintiff requests if the claims are dismissed, that he be permitted to amend his complaint and obtain court-appointed counsel.

In response to Plaintiff's objections, Defendants argue that Plaintiff has failed to present any meritorious objections to the Report and Recommendation and that the Magistrate Judge properly recommended dismissal. First, Defendants address Plaintiff's substantive due process challenges and assert that the Magistrate Judge applied the proper standard and that Plaintiff made no attempt to show that Defendants' actions violated his

fundamental rights or were conscience-shocking. Second, Defendants argue that the Report and Recommendation contained a complete fact summary, and even if the Magistrate Judge misconstrued certain facts, Plaintiff fails to articulate why those facts were material to the analysis. Third, Defendants argue that Count III warrants dismissal notwithstanding any error in the Magistrate Judge's statement of facts. Fourth, Defendants argue that Plaintiff's claim under Minn. Stat. § 626.557 is not properly before the Court, and in any event would fail. Finally, Defendants argue that Plaintiff has failed to demonstrate that justice requires permitting further amendment of the complaint.

The Court has carefully reviewed the record and overrules Plaintiff's objections. The Report and Recommendation thoroughly set forth the relevant facts underlying Plaintiff's allegations. To the extent the Report and Recommendation contains any incomplete or inaccurate facts, the Court concludes they are immaterial to the Magistrate Judge's ultimate recommendations. Even though Plaintiff's Amended Complaint referenced Minn. Stat. § 626.557, subd. 7, (Doc. No. 19 at 5), Plaintiff did not assert a claim under Minnesota's mandated reporter statute, and the Magistrate Judge did not err in declining to address Defendants' liability under this provision, (*see* Doc. No. 27 at 6 n.4).[2] Further, the Court agrees with the Magistrate Judge's analysis of Counts I through

---

[2] Notably, even if such a claim were properly alleged in this case, the Court would nonetheless decline to exercise jurisdiction over it because all of Plaintiff's claims based on federal law warrant dismissal. *See Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005) ("A federal district court has discretion to decline jurisdiction if it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

III and his ultimate recommendation that these claims should be dismissed for failure to allege sufficient facts to support relief.[3] In short, the Court agrees that Plaintiff's claims should be dismissed. Further, Plaintiff has failed to specify how additional amendment would remedy his claims, and the Court concludes that further amendment would be futile. Thus, the Court respectfully denies Plaintiff's request for leave to further amend his pleading. *See In re NVE Corp. Sec. Litig.*, 527 F.3d 749, 752 (8th Cir. 2008). Based upon the *de novo* review of the record, all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Robert Lee Stabnow's objections (Doc. No. [28]) to Magistrate Judge Leo I. Brisbois's April 7, 2017 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's April 7, 2017 Report and Recommendation (Doc. No. [27]) is **ADOPTED**.

3. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. [11]) is **GRANTED** as to all Defendants**.**

---

[3] The Court notes that the Report and Recommendation does not reference Defendants Murphy and Benson in discussing Plaintiff's claim under 42 U.S.C. § 10607 in Count IV. However, this omission is immaterial because the Magistrate Judge's conclusion that this statute does not create a viable cause of action supports dismissal as to all Defendants. The Court also notes that as of September 1, 2017, this statute now appears at 34 U.S.C. § 20141, but the relevant statutory language is identical.

4. Plaintiff's § 1983 claims for monetary damages against all Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

5. Plaintiff's § 1983 claims for injunctive relief against all Defendants are **DISMISSED WITHOUT PREJUDICE.**

6. Plaintiff's § 1983 claims which are based upon alleged violations of the Fourteenth Amendment's guarantees of substantive due process and equal protection are **DISMISSED WITHOUT PREJUDICE.**

7. Plaintiff's claims which are based upon alleged violations of the Minnesota Constitution are **DISMISSED WITH PREJUDICE.**

8. Plaintiff's claims in Count IV are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 29, 2017     s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge